Filed 3/2/16  Saints' Rest Missionary Baptist Church v. Anderson CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SAINTS' REST MISSIONARY BAPTIST CHURCH, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JAMES ANDERSON, SR., <br><br> Defendant; <br><br> LOUISE OWENS et al., <br><br> Objectors and Appellants. | |
| LOUISE OWENS et al., <br><br> Petitioners; <br><br> v. <br><br> SUPERIOR COURT OF ALAMEDA COUNTY, <br><br> Respondent; <br><br> SAINTS' REST MISSIONARY BAPTIST CHURCH, INC., <br><br> Real Party in Interest. | A141516 <br><br> (Alameda County <br> Super. Ct. No. RG07320956) |

Louise Owens, Bobbie Wakefield, and Maxine Webb (appellants) appeal from post-judgment orders issued in this dispute among members of plaintiff and respondent Saints' Rest Missionary Baptist Church (the Church).  We affirm.

1

BACKGROUND

We recite only the facts relevant to this appeal. In January 2012, following a bench trial, the trial court issued a permanent injunction in favor of the Church. The injunction ordered, in part, defendant James Anderson, Sr. (defendant) terminated from his position as the Church's pastor; certain Church office holders who had been removed were reinstated; certain Church members who had been expelled were readmitted; and defendant and all those acting in support of or in concert with him were precluded from various activities. In its order granting injunctive relief, the trial court identified appellants Wakefield and Owen, among others, as supporters of defendant. The judgment was affirmed on appeal. (*Saints' Rest Missionary Baptist Church, Inc. v. James Anderson, Sr.* (Apr. 25, 2013, A134425) [nonpub. opn.].)

In October 2013, the trial court issued an order granting the Church's application for an order enforcing the judgment. The October 2013 order, in part, precluded appellants and others from "acting on behalf of" the Church unless duly elected to a Church office. In February 2014, following briefing and argument from the Church and appellants, the trial court issued orders finding appellants in contempt of the October 2013 order, awarding attorney fees to the Church, and directing appellants to stay 500 yards away from the Church's properties.

DISCUSSION

Appellants appeal the October 2013 and February 2014 orders.[1] We reject their challenges.

Appellants first argue they never received notice of the October 2013 order and had no knowledge of its terms. In the February 2014 contempt order, the trial court found appellants had been served with the October 2013 order. " 'Where findings of fact

---

[1] "A judgment of contempt is not appealable. [Citations.] The proper method to challenge a contempt order is to seek extraordinary writ relief . . . ." (*In re M.R.* (2013) 220 Cal.App.4th 49, 64-65.) As the issues raised in connection with the various orders are overlapping, we exercise our discretion to treat the appeal of the contempt order as a petition for extraordinary writ. (See *id.* at p. 65.)

2

are challenged on a civil appeal, we are bound by the "elementary, but often overlooked principle of law, that . . . the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted," to support the findings below.' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957 (*Cahill*).) Substantial evidence supports the trial court's finding: counsel for the Church represented to the court at the February 2014 hearing and stated in a declaration that appellants attended the October 2013 hearing and he hand-served them the order outside the courtroom immediately after it issued.

Appellants next argue the October 2013 order is void because certain aspects "went far beyond the clearly-set bounds of the judgment" issued in January 2012. As appellants acknowledge, injunctions can be modified. "It is settled that where there has been a change in the controlling facts upon which a permanent injunction was granted, . . . or where the ends of justice would be served by modification or dissolution, the court has the inherent power to vacate or modify an injunction where the circumstances and situation of the parties have so changed as to render such action just and equitable. . . . The trial court's decision to either continue, modify or dissolve a permanent injunction will not be set aside on appeal absent the establishment of an abuse of discretion." (*Welsch v. Goswick* (1982) 130 Cal.App.3d 398, 404–405.) Appellants have not argued the Church failed to demonstrate a change in the controlling facts or that justice would be served by modifying the January 2012 injunction. To the extent appellants contend the trial court abused its discretion because two provisions in the October 2013 order conflict with the Church's constitution, we disagree that the provisions are in conflict.[2]

---

[2] Appellants take issue with the October 2013 order's statement that "the pulpit is vacant and . . . the temporary ministry is to be arranged by the Board of Deacons." This is consistent with the Church's constitution, which states in part: "If at any time the Church is without a Pastor, unless the Church shall otherwise provide, the Board of Deacons shall arrange the temporary ministry." The October 2013 order does not preclude any additional procedures imposed by the Church's constitution. Appellants also suggest the October 2013 order's dissolution of "the Special Trustee Committee" is inconsistent with the Church constitution's provision for special committees. However, the Church's constitution permits special committees "for a specific time and/or to accomplish a

Appellants contend they were not acting in support of or in concert with defendant and the January 2012 judgment therefore did not apply to them. To the extent such a finding is necessary to support the challenged orders, appellants fail to provide any record citations demonstrating this implied finding of fact lacks substantial evidence. " 'It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. [Citation.] If no citation "is furnished on a particular point, the court may treat it as waived." ' " (*Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384.) We accordingly decline to address this argument.

Appellants' final contention is the attorney fee award should be reversed and fees should be awarded to appellants. Appellants fail to present any reasoned argument in support of this contention and we therefore decline to consider it. (*Cahill, supra,* 194 Cal.App.4th at p. 956 [" 'The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.' "].)[3]

DISPOSITION

The orders are affirmed and writ relief as to the contempt adjudication is denied. The Church shall recover its costs.

---

special task or project that is not a function of any other committee," and there is evidence that the Special Trustee Committee was performing the functions of Church Deacons and Trustees without having been duly elected to those offices.

[3] To the extent appellants cursorily raise additional contentions outside of the argument section of their brief, we decline to consider them. (*Cahill, supra,* 194 Cal.App.4th at p. 956.)

4

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

(A141516)

5